IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA MOZEE,<br><br>    Plaintiff,<br><br>v.<br><br>PLAYTEX PRODUCTS, INC.,<br>WALGREENS CO.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:05-CV-1910-JEC |
| PAMELA MOZEE,<br><br>    Plaintiff,<br><br>v.<br><br>FRED ATCHLEY, JR., JOHN<br>FLETCHER, TRAVELERS INSURANCE<br>CO.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:05-CV-2034-JEC |
| PAMELA MOZEE,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN ATLANTA RAPID<br>TRANSIT AUTHORITIES, MARTA RISK<br>MANAGEMENT, JOHN DOE,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:05-CV-2885-JEC |

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 3 1 2007

JAMES N. HATTEN, Clerk
By. _____ Deputy Clerk

AO 72A
(Rev.8/82)

PAMELA MOZEE,

     Plaintiff,

v.

BRANDY EADS, FORREST MCMAHAN
D/B/A MCMAHAN SHOES,

     Defendants.

CIVIL ACTION NO.

1:06-CV-269-JEC


PAMELA MOZEE,

     Plaintiff,

v.

JOHN CLARK, SANDRA BROWN, GREG
HILL, AEGIA D/B/A NEW AMERICA
FINANCIAL,

     Defendants.

CIVIL ACTION NO.

1:06-CV-1024-JEC


### O R D E R

This case is presently before the Court for a frivolity determination [10], pursuant to 28 U.S.C. § 1915(e)(2). The Court has reviewed the record and, for the reasons set out below, concludes that all of plaintiff's claims are frivolous, and should be **DISMISSED** without prejudice.

### BACKGROUND

Plaintiff is a frequent filer in this Court. Between September

2

2004 and April 2006, plaintiff has filed ten actions here.[1]   Each
action is a personal injury claim. Presently before the Court are
five separate claims by plaintiff, requesting a total of
$154,000,000.00: that is, 154 million dollars.   Plaintiff is
attempting to proceed *in forma pauperis*, which would allow her to
avoid paying filing fees.   Before allowing plaintiff to proceed in
this fashion, the Court must make a "frivolity determination,"
pursuant to 28 U.S.C. § 1915(e)(2), to decide whether plaintiff's
claims should be dismissed as frivolous.

## DISCUSSION

### I.   Frivolity determination.

Litigants without the funds necessary to pursue a lawsuit are
allowed to file a suit *in forma pauperis* to avoid the costs of court
fees. 28 U.S.C.A. § 1915 (West 1996).   Allowing indigent plaintiffs
to file lawsuits without paying court fees, however, forces the
public to bear the burden of the fees, and the potential indigent

---

[1]   In addition to the five cases now before the Court, there are
five other cases that have recently been filed with this Court. *See*
*Mozee v. Atchley*, No. 1:04-CV-02771-CC (dismissing claim for lack of
subject matter jurisdiction because plaintiff failed to plead
complete diversity); *Mozee v. Battle*, No. 1:04-CV-02772-CC (dismissed
by plaintiff); *Mozee v. Crunch Fitness*, No. 1:04-CV-03779-JEC (case
is ready to set for trial); *Mozee v. Playtex Products*, No. 1:05-CV-
00401-JEC (dismissing claims because the same case was pending in
Dekalb County, which was the "first-filed" district); *Mozee v.
Turner-Hayes-Wilson*, No. 1:05-CV-01359-JEC (dismissing for lack of
subject matter jurisdiction because plaintiff failed to plead
diversity jurisdiction).

AO 72A
(Rev.8/82)

litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive law suits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Because the indigent plaintiff lacks any deterrent from filing frivolous lawsuits, 28 U.S.C. § 1915(e)(2) allows the Court to dismiss a case at any time the Court determines that the action is frivolous.

Frivolity determinations are designed to discourage potential indigent litigants from filing lawsuits that waste both judicial and private resources, in the same way that court fees and Rule 11 sanctions discourage non-indigent litigants from pursuing frivolous claims. *Neitzke*, 490 U.S. at 327. An action is determined to be frivolous "where it lacks an arguable basis either in law or in fact." (*Id.* at 325.) An action can be frivolous where "none of the legal points [are] arguable on their merits" or where the "factual contentions are clearly baseless." (*Id.* at 325, 327.) The district courts have broad discretion in determining if a claim is frivolous. *Jones v. Bales*, 58 F.R.D. 453, 463 (N.D. Ga. 1972), *aff'd,* 480 F.2d 805, 805 (5th Cir. 1973). The Court will discuss each of plaintiff's claims, in turn, below.

II.  ***Mozee v. Playtex Products, Walgreens Co.*, 1:05-CV-1910-JEC**

    **A. History.**

Plaintiff alleges that, on March 10, 2003, she purchased a defective Playtex Heat pad from Walgreens. (Pl.'s Compl. [2] at ¶ 2.)

4

She claims that the heat pad severely injured her, by causing 2nd, 3rd, and 4th degree burns to her lower abdomen.[2] (*Id.* at ¶ 5.) Because of the burning, plaintiff claims she incurred thousands of dollars of medical expenses, exposure to iron powder, and permanent scarring. Plaintiff claims the scarring requires plastic surgery. (*Id.* at 7.) Further, plaintiff claims that defendant Walgreens did not properly check the U.S.D.A.'s history of the Playtex heat pad, and thus, the heat pad was not merchantable. (*Id.* at 8.)

Plaintiff first filed suit against defendant Playtex Products in November 2004, in Dekalb County. *See Mozee v. Playtex Products, Inc.*, No. 1:05-CV-00401-JEC, Order [32] at 2 (N.D. Ga. 2005). Plaintiff then filed suit on January 19, 2005, in this Court, while the Dekalb case was still pending. (*Id.*) Plaintiff claimed that even though she had first filed the suit in Dekalb County, she was attempting to remove her own case to federal court. (*Id.*) However, plaintiff did not dismiss the action in Dekalb County, and that action proceeded. (*Id.* at 2-3). This Court applied the "first-filed" rule to the action and, on May 26, 2005, dismissed the federal action in favor of the state litigation. (*Id.*)  In this federal action, plaintiff sought 15 million dollars in damages.

---

[2]  Interestingly, plaintiff is also suing Crunch Fitness for allegedly suffering severe burns from a hot tub at a Bally's Fitness Center on January 3, 2003. Plaintiff seeks $15,000,000.00 in that suit.

5

On July 21, 2005, plaintiff filed suit, again in this court, against defendants Walgreens and Playtex Products, but this time she requested $20,000,000.   As plaintiff alleges the same tort and injuries in this action (Pl.'s Compl. [2] at ¶ 8), as she did in the original federal action filed against Playtex on January 19, 2005, it is not clear how her damages increased by 5 million dollars in this six-month interval.

### B. Plaintiff Has Refiled An Action That Has Been Previously Been Dismissed

As noted, the Court has previously dismissed this action, noting that the same action is pending in DeKalb County State Court.   The Court's dismissal was not entered through a frivolity determination, as the Court had allowed the case to proceed in an IFP posture. Instead, the defendants had filed motions to dismiss, alerting the Court to the existence of the companion case.   Indeed, the plaintiff had filed the action that was pending in the state court.

Nonetheless, less than two months after the dismissal, the plaintiff refiled in this Court essentially the same action that had just been dismissed.   The only difference that the Court can discern is that the plaintiff has now added Walgreens as a defendant, asserting that Walgreens  should have checked out the history of the Playtex heat pad with the "U.S.D.A."

The plaintiff has offered no explanation that the Court can understand as to the status of the DeKalb County action nor any

AO 72A
(Rev.8/82)

explanation as to why it was appropriate for the case to now proceed in federal court, given the Court's previous dismissal just two months before.   By allowing that previous case to proceed, the Court thereby caused the defendants, Playtex Products, Inc. and Kemper Insurance Company, to expend resources by each having to file an answer, a motion to dismiss, and a motion to stay discovery.   Those pleadings alerted the Court to the existence of the same litigation in state court.   The Court will not so indulge plaintiff again and subject the defendants to these unnecessary legal expenses.[3]

Accordingly, as the Court has previously dismissed this action and as the plaintiff has alleged no reasons to cause the Court to reconsider its previous dismissal, the Court concludes that the action is frivolous and so dismisses it, without prejudice.

## II.   **Mozee v. Atchley, Fletcher, and Travelers Insurance,** **1:05-CV-2034-JEC**

### A. History

On October 20, 2003 or earlier,[4] plaintiff claims that defendant John Fletcher hit her car, with defendant Atchley's car, allegedly

---

[3]   The Court likewise allowed her case against *Crunch Fitness*, No. 1:04-CV-3779-JEC, to proceed.   Thus, plaintiff has been permitted to proceed in an IFP status in two cases.

[4]   Plaintiff's accident likely did not occur in 2003, as noted *infra*. Plaintiff filed an earlier suit against the same defendants for the same incident and, in that action, she claimed that the accident occurred in October of 2002.  *Mozee v. Atchley*, No. 1:04-CV-2771-CC, Doc. 18 at 1 (N.D. Ga. Jan. 26, 2005).

AO 72A
(Rev.8/82)

causing total loss to her vehicle. (Pl.'s Compl. [2] at ¶ 2.) Additionally, plaintiff contends that numerous primary and secondary injuries were inflicted upon her. (*Id.* at ¶ 4.) While defendant Travelers Insurance Company did pay plaintiff for the property damages to her car, it did not pay for plaintiff's alleged personal injuries. (*Id.* at ¶ 2.)

On September 14, 2004, plaintiff filed suit against the defendants in this court. *Mozee v. Atchley*, No. 1:04-CV-2771-CC, Doc. 18 at 1 (N.D. Ga Jan. 26, 2005).    Plaintiff claimed that defendant Fletcher negligently hit plaintiff's car with defendant Atchley's car in October of 2002. (*Id.*) Plaintiff filed the action without pleading either federal question jurisdiction or diversity jurisdiction. (*Id.*) On December 17, 2004, Judge Clarence Cooper, to whom the case was assigned, allowed plaintiff leave to properly plead the citizenship of each defendant. (*Id.* at 1-2.) Plaintiff amended her complaint, alleging that defendant Fletcher resided in Tennessee, and that defendant Atchley's residency was concealed, but she did not allege Travelers' residence. (*Id.* at 2.) Plaintiff filed a second, untimely, amended complaint on January 14, 2005, alleging defendant Travelers was located in Georgia. (*Id.* at 2.) On January 19, 2005, plaintiff filed a third untimely complaint, but did not amend the citizenship of any defendant. (*Id.*)

Judge Cooper dismissed the action as frivolous, because even

8

with plaintiff's untimely amended complaints, plaintiff failed to plead diversity jurisdiction. (*Id.*) Thus, the Court lacked subject matter jurisdiction over the proceedings. (*Id.* at 3.)

On July 14, 2005, plaintiff, again, brought suit against defendants John Fletcher, Fred Atchley, Jr.,[5] and Travelers Insurance Company. *Mozee v. Fred Atchley, Jr., John Fletcher, Travelers Insurance Company*, 1:05-CV-2034-JEC.   (Pl.'s Compl. [2] at ¶ 2.) This case was assigned to the undersigned.   Plaintiff pled the same set of facts, but in this cause of action, plaintiff claimed that she was injured on October 20, 200_3_. (*Id.*)  When pleading the citizenship of defendants, plaintiff contended that both Atchley and Fletcher were Tennessee residents; once again she pled only that defendant Travelers was located in Georgia. (Pl.'s Certificate of Service [2].) In this action, plaintiff requests $4,000,000.00 with 12% interest until a settlement is reached, to compensate her for her injuries, to recover her medical expenses, and to punish the defendants. (*Id.* at ¶ 4.)

**B.  Plaintiff's claim is frivolous because she failed to plead complete diversity.**

It is well established law that the district courts cannot exercise jurisdiction based on diversity of citizenship when the

---

[5]    Plaintiff charged defendant Atchley with negligent entrustment, for leaving his car in the control of defendant Fletcher. (Pl.'s Compl. [2] at 1.)

AO 72A
(Rev.8/82)

plaintiff and one of the defendants are citizens of the same state. See *Bel-Bel Int'l Corp. v. Community Bank*, 162 F.3d 1101, 1106 (11th Cir. 1998)("Diversity jurisdiction requires that the plaintiff be a citizen of a state . . . different from that of any of the defendants."); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)(stating that diversity jurisdiction requires that "every plaintiff must be diverse from every defendant"); *Palmer v. Hospital Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant.")

Plaintiff is a citizen of Decatur, Georgia. (Pl.'s Compl. [2].) Plaintiff has pled that defendant Travelers is located in Georgia. A corporation is a citizen of the state where it is incorporated and the state where it has its principle place of business. 28 U.S.C.A. § 1332.   Plaintiff has failed to plead that defendant Travelers has either its principle place of business or state of incorporation outside of Georgia.  Thus, plaintiff has failed to plead complete diversity, and "consequently, diversity jurisdiction under 28 U.S.C. 1332 is not available in this case." *Mozee*, No. 1:04-CV-2771-CC, Doc. 18 at 3. Further, the claim is frivolous because "[w]here the court has no subject matter jurisdiction,[6] there is 'no rational argument

---

[6]    Plaintiff's claim also fails to invoke federal question jurisdiction pursuant to 28 U.S.C. 1331. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 177 F.3d 1212, 1217 (11th

in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C 1915(e)(2)(B)(i)." *Mack v. Commonwealth of Massachusetts*, 204 F.Supp. 2d 163, 166 (D. Mass. 2002).

### III.  *Mozee v. Metropolitan Atlanta Rapid Transit Authorities, Marta Risk Management, and John Doe*, 1:05-CV-2885-JEC

#### A. History

Plaintiff alleges that, on May 3, 2001, defendant John Doe, who was apparently the bus driver, failed to follow MARTA guidelines by allowing passengers to stand. (Pl.'s Compl. [2] at ¶ 2.) As a result, plaintiff alleges, when the bus stopped, she was thrown to the front of the bus and severely injured. (Id. at ¶ 3.)  The Court therefore infers that the plaintiff was one of the passengers who was standing and she blames the defendant for her decision to stand.

Plaintiff claims the accident caused a broken jaw, a bulging disk in both her neck and spine, a displaced spine, and multiple injuries to her wrists, chest, elbows, hips, and shoulders. (Id. at ¶ 4.) The injuries purportedly prevented plaintiff from "transacting business." (Id.)

Plaintiff brought this action against defendants on November 1, 2005. (Id.) She demanded judgment for a total of $50,000,000.00 with

---

Cir. 1999)("Under the well pleaded complaint rule, a case does not raise an issue of federal law 'unless a federal question is presented on the face of the plaintiff's complaint.'")

12% interest from the date of the accident until settlement is reached. (Id.)

**B.     Plaintiff's claim is frivolous because the Court does not have subject matter jurisdiction and the statute of limitations has expired.**

It is well established that a district court cannot exercise jurisdiction based on diversity of citizenship when the plaintiff and one of the defendants are citizens of the same state. *See Bel-Bel Int'l Corp. V. Community Bank*, 162 F.3d 1101, 1106 (11th Cir. 1998)("Diversity jurisdiction requires that the plaintiff be a citizen of a state . . . different from that of any of the defendants."); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)(stating that diversity jurisdiction requires that "every plaintiff must be diverse from every defendant"); *Palmer v. Hospital Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant.")

Plaintiff is a citizen of Decatur, Georgia. (Pl.'s Compl. [2].) Defendant, MARTA, is a Georgia Corporation with its principle place of business in Georgia.  A corporation is a citizen of the state where it is incorporated and the state where it has its principle place of business. 28 U.S.C.A. § 1332.  Thus, plaintiff has failed to plead complete diversity, and "consequently, diversity jurisdiction under 28 U.S.C. 1332 is not available in this case." *Mozee*, No. 1:04-

CV-2771-CC, Doc. 18 at 3. Further, the claim is frivolous because "where the court has no subject matter jurisdiction,[7] there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C 1915(e)(2)(B)(i)." *Mack*, 204 F.Supp. 2d at 166.

Additionally, plaintiff's claim is barred by Georgia's applicable statute of limitations. Plaintiff's claim is based on state negligence law and the accident that led to plaintiff's claim occurred in Georgia. Accordingly, Georgia law governs plaintiff's claim. *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998)("Federal Courts sitting in diversity apply the forum state's choice-of-law rules."); *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 808 (2005)(affirming that, in Georgia, a tort action is guided by the substantive law of the state where the tort is committed).

Georgia law requires "Actions for injuries to the person" to "be brought within two years after the right of action accrues." Ga. Code Ann. § 9-3-33. The accident occurred on May 3, 2001. Plaintiff filed her claim on November 7, 2005, over four years after the

---

[7]    Plaintiff's claim also fails to invoke federal question jurisdiction pursuant to 28 U.S.C. 1331. See *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 177 F.3d 1212, 1217 (11th Cir. 1999)("Under the well pleaded complaint rule, a case does not raise an issue of federal law 'unless a federal question is presented on the face of the plaintiff's complaint.'")

13

alleged accident.  Because plaintiff did not bring her action within two years after the injury occurred, plaintiff's claim appears to be barred by the statute of limitation.  While the statute of limitations is typically an affirmative defense, "it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint." *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 354 n.11 (D.N.J. 2003).

## IV.  *Mozee v. Brandy Eads, Forrest McMahan d/b/a McMahan Shoes 1:06-CV-269-JEC*

### A. History

In November, 2000, plaintiff purchased a pair of Rocker Bottom Shoes from defendants[8]. (Pl.'s Compl. [2] at ¶ 6).  Defendant Brandy Eads purportedly switched plaintiff's prescription Black Custom Orthopedic Shoes to a pair of Rocker Bottom Shoes, against the plaintiff's wishes. (*Id.* at ¶ 7.) Plaintiff alleges the new shoes have caused permanent ankle and foot problems that she did not previously suffer from. (*Id.* at ¶ 9.)  On January 17, 2006, plaintiff sued the defendants for selling her ill-fitting shoes and asked for damages of $50,000,000.00, with 12% interest until settlement is reached. (*Id.* at ¶ 11.)

---

[8] Plaintiff filed suit against both the shoe store, who sold her the shoes, and the employee, who fitted her for the shoes.

**B.    Plaintiff's claim is frivolous because the Court does not have subject matter jurisdiction and the statute of limitations has expired.**

It is well established that the district courts cannot exercise jurisdiction based on diversity of citizenship when the plaintiff and one of the defendants are citizens of the same state. *See Bel-Bel Int'l Corp. V. Community Bank*, 162 F.3d 1101, 1106 (11th Cir. 1998)("Diversity jurisdiction requires that the plaintiff be a citizen of a state . . . different from that of any of the defendants."); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)(stating that diversity jurisdiction requires that "every plaintiff must be diverse from every defendant"); *Palmer v. Hospital Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant.")

Plaintiff is a citizen of Decatur, Georgia. (Pl.'s Compl. [2].) Defendants Forest McMahan and Brandy Eads are Georgia residents. Plaintiff has failed to plead complete diversity, and "consequently, diversity jurisdiction under 28 U.S.C. 1332 is not available in this case." *Mozee*, No. 1:04-CV-2771-CC, Doc. 18 at 3. Thus, the Court lacks subject matter jurisdiction. Further, the claim is frivolous because "where the court has no subject matter jurisdiction[9] there is

---

[9]    Plaintiff's claim also fails to invoke federal question jurisdiction pursuant to 28 U.S.C. 1331. *See Tamiami Partners, Ltd.*, 177 F.3d at 1217 ("Under the well pleaded complaint rule, a case does

no rational argument in law or fact to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C 1915(e)(2)." *Mack*, 204 F.Supp. 2d at 166.

Additionally, plaintiff's claim is barred by the applicable Georgia statute of limitations.  Plaintiff's claim is based on state negligence law. The accident  that led to plaintiff's claim occurred in Georgia. Accordingly, Georgia law governs plaintiff's claim. *See Boardman Petroleum, Inc.*, 135 F.3d at 752 ("Federal Courts sitting in diversity apply the forum state's choice-of-law rules."); *Dowis*, 279 Ga. at 808 (affirming that in Georgia a tort action is guided by the substantive law of the state where the tort is committed).

Georgia law requires "Actions for injuries to the person" to "be brought within two years after the right of action accrues." Ga. Code Ann. § 9-3-33. Plaintiff purchased the shoes in November of 2000. (Pl.'s Compl. [2] at ¶ 4.) Plaintiff filed her claim on January 17, 2006. (*Id.*)  For over five years, plaintiff has owned and most likely worn the shoes in question.  Presumably, shoes that would permanently disable an individual would put the individual on notice that the shoes were causing extreme pain and discomfort prior to the expiration of the statute of limitations.[10]  Because plaintiff did not

---

not raise an issue of federal law 'unless a federal question is presented on the face of the plaintiff's complaint.'")

[10]  While plaintiff does not specifically allege when the injury occurred, the Court, when conducting a frivolity determination, can

AO 72A
(Rev.8/82)

bring her action within two years of the injury, plaintiff's claim is barred by the statute of limitation.    While the statute of limitations is typically an affirmative defense, "it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the complaint." *Bieregu*, 259 F.Supp.2d at 354 n.11.

## V.   *Mozee v. John Clark, Sandra Brown, Greg Hill, AEGIA d/b/a New American Financial, 1:06-1024-JEC*

### A. History

Plaintiff alleges that her apartment, which was rented to her by defendant John Clark, flooded due to the actions of defendants Sandra Brown and Greg Hill. (Pl.'s Compl. [2] at ¶¶ 1, 4.) She claims defendants failed to repair the apartment after the flooding occurred, and told her that it would dry. (*Id.* at ¶¶ 4, 8.) Plaintiff claims that the flooding caused mildew, which caused her to suffer from "headaches, sarcoidsis, body aches, diseases, enlarged organs, severe pains, suffering on primary and secondary injuries, feet fungus, head fungus, outbreaks, and a series of illness." (*Id.* at ¶ 9.) Plaintiff filed suit on April 5, 2006, requesting $30,000,000 in damages. (*Id.* at 11.)

---

"pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Here, plaintiff claims she was permanently disabled and she has owned the shoes for five years. (Pl.'s Compl. [2] at ¶ 4.) A reasonable individual would certainly notice the pain within three years.

17

**B.    Plaintiff's claim is frivolous for lack of subject matter jurisdiction because plaintiff has failed to plead complete diversity.**

It is well established that the district courts cannot exercise jurisdiction based on diversity of citizenship when the plaintiff and one of the defendants are citizens of the same state.  *See Bel-Bel Int'l Corp. v. Community Bank*, 162 F.3d 1101, 1106 (11th Cir. 1998)("Diversity jurisdiction requires that the plaintiff be a citizen of a state . . . different from that of any of the defendants."); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)(stating that diversity jurisdiction requires that "every plaintiff must be diverse from every defendant"); *Palmer v. Hospital Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant.")

Plaintiff is a citizen of Decatur, Georgia. (Pl.'s Compl. [2].) Defendant John Clarke is a Georgia resident. Plaintiff has failed to plead complete diversity, and "consequently, diversity jurisdiction under 28 U.S.C. 1332 is not available in this case." Id. at 3. Thus, the Court lacks subject matter jurisdiction.[11] Further, the claim is frivolous because "[w]here the court has no subject matter

---

[11]    Plaintiff's claim also fails to invoke federal question jurisdiction pursuant to 28 U.S.C. 1331. *See Tamiami Partners, Ltd.*, 177 F.3d at 1217 ("Under the well pleaded complaint rule, a case does not raise an issue of federal law unless a federal question is presented on the face of the plaintiff's complaint.")

AO 72A
(Rev.8/82)

jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C 1915(e)(2)(B)(i)." *Mack*, 204 F.Supp. 2d at 166.

### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** all of plaintiff's claims and causes of action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). The Clerk is directed to close all five actions.

SO ORDERED, this __31__ day of July, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

19